IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CV-115-WW

| | |
|---|---|
| SYLVIA BARRETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social | ) |
| Security, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

This matter is before the Court upon the parties' cross Motions for Judgment on the Pleadings. (DE's-36 & 41). The time for filing any responses or replies has expired. Accordingly, the matter is now ripe for adjudication. Based upon consent of the parties under 28 U.S.C. § 636(c)(1), this case has been reassigned to the undersigned to conduct all proceedings. (DE-34). For the following reasons, Plaintiff's Motion for Judgment on the Pleadings (DE-36) is DENIED, Defendant's Motion for Judgment on the Pleadings (DE-41) is GRANTED, and the final decision by Defendant is AFFIRMED.

**Statement of the Case**

Plaintiff applied for Disability Insurance Benefits ("DIB") on June 10, 2009, alleging that she became unable to work on June 4, 2008. (Tr. 10). This application was denied initially and upon reconsideration. *Id.* A hearing was held before an Administrative Law Judge ("ALJ"), who determined that Plaintiff was not disabled during the relevant time period in a decision dated

1

November 30, 2010. *Id.* at 10-18. The Social Security Administration's Office of Hearings and Appeals denied Plaintiff's request for review on May 26, 2011, rendering the ALJ's determination as Defendant's final decision. *Id.* at 1-5. Plaintiff filed the instant action on July 11, 2011. (DE-3).

**Standard of Review**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...
>
> 42 U.S.C. § 405(g).

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, . . . [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute . . . [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453,

2

1456 (4th Cir. 1990).

**Analysis**

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process that must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. § 404.1520(f).

Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

In the instant action, the ALJ employed the sequential evaluation. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date. (Tr. 12). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: 1) systemic lupus; 2) lumbar degenerative disc disease; 3) anxiety; 4) depression; and 5) obesity. *Id.* However, the ALJ determined that these impairments were not severe enough to meet or medically equal one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* at 12-13. Next, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a limited range of light work. *Id.* at 13. Specifically, the ALJ found that:

3

> the claimant has the residual functional capacity to perform light work standing and walking six hours and sitting six hours in an eight-hour day; lifting, carrying, pushing and pulling 20 pounds occasionally and 10 pounds frequently. The claimant would need to change position from sitting to standing every 30 minutes. She could occasionally balance, climb, stoop, crouch, kneel, crawl, work at heights or around dangerous machinery. She could perform simple, routine and repetitive tasks meaning she could apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form and deal with problems involving several concrete variables in or from standardized situations.
>
> *Id.*

The ALJ then determined that Plaintiff was unable to perform her past relevant work. *Id.* at 16. However, based upon the testimony of a vocational expert, the ALJ determined that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. *Id.* at 16-17. Accordingly, the ALJ determined that Plaintiff was not under a disability at any time from June 4, 2008 through November 10, 2010. *Id.* at 17-18.

The undersigned has reviewed the entire record and finds that these determinations were supported by substantial evidence. Plaintiff's argument relies primarily on the contention that the ALJ improperly weighed the evidence. However, this Court must uphold Defendant's final decision if it is supported by substantial evidence. Although Plaintiff may disagree with the determinations made by the ALJ after weighing the relevant factors, the role of this Court is not to undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Secretary. Craig, 76 F.3d at 589. Because that is what Plaintiff requests this Court do, her claims are without merit.

Nonetheless, the undersigned shall now address Plaintiff's assignments of error.

**The ALJ properly assessed Plaintiff's RFC**

Plaintiff first argues that the ALJ improperly assessed her RFC. However, the ALJ's RFC

determination was supported by substantial evidence. For example, during numerous examinations Plaintiff demonstrated full motor strength and/or a normal gait. (Tr. 218-220, 222-223, 225, 228, 272, 284, 305, 312-313, 317, 319, 323, 325, 327-328, 332, 338, 342, 356, 370, 399, 418, 422, 429, 471, 475, 489, 496, 505, 516). During some examinations, Plaintiff demonstrated a negative straight leg test. *Id.* at 222, 272, 328. Likewise, she frequently demonstrated good range of motion. *Id.* at 222, 272, 284, 305, 332, 342, 542, 546. Generally, any review of her systems was normal. 272, 283, 304-305, 312-313, 316-317, 319-320, 322-325, 327-328, 331-332, 356-357, 360-361, 363, 366-367, 374-375, 370-371, 422-423, 429-430, 471, 475, 515-516. On several occasions it was noted that Plaintiff did not demonstrate anxiety and depression. *Id.* at 359, 363, 366, 422, 426, 429, 471, 475, 489, 496, 512.

Plaintiff's back and leg pain were treated with medication and home exercises, not surgery. *Id.* at 223, 229. Diagnostic tests generally showed mild changes. *Id.* at 209, 222-226, 241, 248-250.

Likewise, it was often noted that Plaintiff's lupus was responding to and improving with medication. *Id.* at 399, 445, 505, 546.

On December 10, 2008, Plaintiff had "no current symptoms." *Id.* at 356.

Dr. Perry Caviness assessed Plaintiff's physical RFC on July 10, 2009 and determined that Plaintiff could: 1) occasionally lift 20 pounds; 2) frequently lift 10 pounds; 3) stand and/or walk for a total of about six hours in an eight hour workday; and 4) sit for a total of about six hours in an eight hour workday. *Id.* at 433. Dr. Robert Pyle made similar findings on September 29, 2009. *Id.* at 480.

After a psychological examination conducted on July 30, 2009, it was noted that Plaintiff "did not indicate any mental health reasons she could not be gainfully employed." *Id.* at 451.

5

Plaintiff's GAF was 65.

Dr. William Meneese assessed Plaintiff's mental RFC on August 26, 2009. *Id.* at 452. He determined that Plaintiff's anxiety and depression did not precisely satisfy any listed impairment. *Id.* at 455, 457.

On November 17, 2009, Dr. Jeffrey Alloway stated that Plaintiff had "no other features of lupus, other than maybe some alopecia." *Id.* at 546. Diclofenac was helping with Plaintiff's pain. *Id.* Plaintiff had no active synovitis in her fingers or wrists, and she demonstrated good range of motion. *Id.*

On May 5, 2010, Plaintiff had no evidence of active synovitis. *Id.* at 500.

It was determined on October 5, 2010, that Plaintiff could occasionally lift 20 pounds and frequently lift 10 pounds. *Id.* at 549.

In short, there was substantial evidence to support the ALJ's RFC determination, and this assignment of error is without merit.

**The ALJ properly assessed the opinion of Dr. Jahrsdorfer**

Next, Plaintiff argues that the ALJ "erred in discrediting the medical source statement provided by Dr. Jahrsdorfer." (DE-37, pg. 10). With regard to Dr. Jahrsdorfer's opinion, the ALJ made the following findings:

> The undersigned afforded little weight to the treating provider's assessment on file. This is not an independent opinion of work ability, and it is inconsistent with the record evidence. Weight was placed in the psychological consultative examination report to the extent that it was consistent with the above residual functional capacity assessment.
>
> (Tr. 16).

It is the ALJ's responsibility to weigh the evidence, including the medical evidence, in order to

6

resolve any conflicts which might appear therein. Wireman v. Barnhart, 2006 WL 2565245, * 8 (W.D.Va. September 5, 2006)(internal citations omitted). Furthermore, "while an ALJ may not reject medical evidence for no reason or the wrong reason . . .an ALJ may, under the regulations, assign no or little weight to a medical opinion, even one from a treating source . . . if he sufficiently explains his rationale and if the record supports his findings." Id. (internal citations omitted). While "the treating physician rule generally requires a court to accord greater weight to the testimony of a treating physician, the rule does not require that the testimony be given controlling weight." Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). Rather, "a treating physician's opinion on the nature and severity of the claimed impairment is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." Mastro, 270 F.3d at 178. Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. In sum, "an ALJ's determination as to the weight to be assigned to a medical opinion will generally not be disturbed absent some indication that the ALJ has dredged up specious inconsistencies or has not given good reason for the weight afforded a particular opinion." Koonce v. Apfel, 166 F.3d 1209, * 2 (4th Cir. 1999) (unpublished opinion)(internal citations omitted).

In his decision, the ALJ fully explained his reasoning in weighing the medical evidence. These reasons were supported by substantial evidence which has already been summarized. In addition, Dr. Jahrsdorfer generally treated Plaintiff conservatively. (Tr. 311-390, 418-431, 470-477, 488-498, 511-518). Moreover, Dr. Jahrsdorfer himself opined on October 5, 2010 that Plaintiff could occasionally lift 20 pounds and frequently lift 10 pounds. Id. at 550. Therefore,

7

this assignment of error is without merit.

**The ALJ properly assessed Plaintiff's credibility**

Finally, Plaintiff argues that the ALJ erred in assessing her credibility. During the hearing in this matter, Plaintiff testified that she experienced pains in her hands, arms, back, legs and feet. *Id.* at 31. Because of her back pain, Plaintiff indicated that she "can't sit for too long . . . [or] stand too long." *Id.* She also has difficulty gripping or grasping things with her hands. *Id.* According to Plaintiff, she could only stand for 10 minutes before needing to sit down and rest. *Id.* at 32. Likewise, Plaintiff testified that she could only walk for five or 10 minutes before needing to rest. *Id.* Plaintiff indicated that she experiences anxiety and crying spells. *Id.* at 33-34.

With regard to the Plaintiff's testimony, the ALJ made the following findings:

> The claimant alleges significant problems relating to her systemic lupus and degenerative disc disease conditions. She also alleges severe mental issues. After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, her statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment . . .
>
> It is also important to mention that the claimant drew unemployment in 2009-2010, an act which requires one to be ready and able to work. This fact especially, in conjunction with the rest of the record evidence, supports the above residual functional capacity assessment. There is no substantial evidence in the record of any medication side effects that would prevent the claimant from performing work activity.

*Id.* at 14-16

"Because he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight."

8

Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). Furthermore, the regulations provide a two-step process for evaluating a claimant's subjective complaints of pain or other symptoms. 20 C.F.R. § 404.1529; Craig , 76 F.3d at 593-596. First, the ALJ must determine whether there is objective medical evidence showing the existence of a medical impairment that could be reasonably expected to produce the pain or alleged symptoms. 20 C.F.R. § 404.1529(b); Craig, 76 F.3d at 594. Second, the ALJ evaluates the intensity and persistence of the symptoms to determine how they limit the capacity for work. 20 C.F.R. 404.1529(c); Craig, 76 F.3d at 595. The ALJ evaluates the intensity and persistence of the symptoms and the extent to which they limit a claimant's capacity for work in light of all the available evidence, including the objective medical evidence. 20 C.F.R. 404.1529(c). At the second step, however, claims of disabling symptoms may not be rejected solely because the available objective evidence does not substantiate the claimant's statements as to the severity and persistence of the symptoms. *See*, Craig, 76 F.3d at 595. Since symptoms can sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, all other information about symptoms, including statements of the claimant, must be carefully considered in the second part of the evaluation. 20 C.F.R. 404.1529(c)(2). The extent to which a claimant's statements about symptoms can be relied upon as probative evidence in determining whether the claimant is disabled depends on the credibility of the statements. SSR 96-7p, 1996 WL 374186, *4.

Here, the ALJ followed these standards in assessing Plaintiff's credibility. In addition to the portions already summarized, the medical record indicates that Plaintiff reported: 1) "feeling fine" (Tr. 319); 2) feeling "pretty good" (Tr. 322); and 3) "[feeling] well with no complaints" (Tr. 356). On July 14, 2009, it was noted that Plaintiff was "doing much better" and was experiencing no side effects due to her medication (Tr. 444).

The ALJ's findings of fact demonstrate that the ALJ gave proper weight to all of Plaintiff's limitations and impairments in assessing Plaintiff's credibility. Likewise, the ALJ's citations to Plaintiff's medical records constitute substantial evidence which support that assessment. In short, the ALJ properly pointed out that the medical record contained substantial evidence that was inconsistent with Plaintiff's subjective complaints. Accordingly, this assignment of error is without merit.

**Conclusion**

For the aforementioned reasons, Plaintiff's Motion for Judgment on the Pleadings (DE-36) is DENIED, Defendant's Motion for Judgment on the Pleadings (DE-41) is GRANTED, and the final decision by Defendant is AFFIRMED.

SO ORDERED in Chambers at Raleigh, North Carolina on Thursday, April 19, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE